IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENDALL McCOOK and
VIRGINIA McCOOK,

       Plaintiffs,

vs.                                            Civ. No. 99-1362 WWD/DJS ACE

SPRINGER SCHOOL DISTRICT, SPRINGER
BOARD OF EDUCATION, JERRY ROBBINS,
FREDDIE CARDENAS, DAVID GUTIERREZ,
CARLOS CRAIG, and ADRES EBELL, in their
Individual capacities,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendant Jerry Robbins' Motion for Summary Judgment (Docket # 51). Defendant Robbins (hereinafter "Defendant") asserts that the only remaining claim "specifically asserted" against him is contained in Count IV of the First Amended Complaint (Complaint). In reaching this conclusion, Defendant states that he has been "specifically excluded" from Count III of the Complaint, and that the facts alleged in that Count, and in Counts IV and V, occurred after Defendant left his position as Superintendent of the Springer Schools. Plaintiffs and Defendant agree that Defendant is not included in Count VI of the Complaint, and that Counts I and II have been dismissed.

Plaintiffs argue that Defendant has not been "specifically excluded" from Count III since that Count has incorporated by reference paragraphs of the Complaint which name Robbins. In paragraph 51 of Count III of the Complaint the following language appears, to wit:

> Plaintiffs bring these claims against Defendant Springer School Board and Defendants Ebell, Craig, McFall, and Gutierrez.

DISCUSSION.

Although Defendant is named in paragraphs 8, 21, and 24, and he is generally referred to in other paragraphs of the Complaint; and although Count III "incorporates by reference all preceding allegations as if fully set forth herein"; a review of paragraphs 1 through 38 reveals that the allegations in those paragraphs are not linked in such a way to the retaliatory actions alleged in Count III as to make Defendant one of the actors in the claimed retaliation. This is true notwithstanding the fact that Defendant's action or failure to act may have been part of Plaintiffs' motivation in taking action which they allege caused Defendant Springer School Board and Defendants Ebell, Craig, McFall, and Gutierrez to retaliate against them as complained of in Count III. Defendant is not specifically named in Count III, and logic does not support his being included because of the "incorporated by reference" language.

Count IV is brought against all defendants which would include Defendant. The allegations which involve Defendant in the paragraphs preceding Count IV which are "incorporated by reference" into Count IV are not related to the deprivation of Plaintiffs' right of assembly and right of association alleged in Count IV. The actions related to the alleged deprivation of rights took place months after Defendant had left the Springer school system, and no other facts are offered which support a nexus between Defendant and the alleged deprivations

stated. Logic does not support Defendant's being included as as an actor in connection with the allegations in Count IV. The same reasoning applies to Count V of the Complaint.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Jerry Robbins' Motion for Summary Judgment (Docket # 51) be, and it is hereby, **GRANTED,** and Counts III, IV, V, and VI of the First Amended Complaint against Defendant Jerry Robbins are **DISMISSED.**

_____
UNITED STATES MAGISTRATE JUDGE