# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KENDALL McCOOK and VIRGINIA
McCOOK,

       Plaintiffs,

vs.                                                                    Civ. No. 99-1362 WWD/DJS ACE

SPRINGER SCHOOL DISTRICT, SPRINGER
BOARD OF EDUCATION, FREDDIE CARDENAS,
DAVID GUTIERREZ, CARLOS CRAIG, RAY
McFALL and ANDRES EBELL, in their individual
and official capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Springer School Defendants' Motion to Dismiss For Lack of Standing on Plaintiffs' Claims Involving the Alleged Violation of Their Son Jake's Constitutional Rights, filed October 30, 2000 **[docket # 66]**.  This lawsuit is brought under 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments.  Plaintiffs contend the Defendants retaliated against them by engaging in a prolonged course of adverse actions in response to their having criticized the school board, the Superintendents it hired, and their administration of the Springer school district.

In this motion, Defendants seek dismissal of Plaintiffs' procedural due process and equal protection claims (Counts III and IV in the second amended complaint),[1] contending that these

---

[1] Plaintiffs' referral to these Counts as V and VI in their response brief, Resp, n.1, are based on the first amended complaint which was the most recently filed complaint at the time the brief was served.

claims are based on an assertion of constitutional rights which belong to Plaintiffs' son Jake McCook ("Jake"), who is not a named Plaintiff in this action.  Defendants therefore challenge Plaintiffs' standing to pursue rights belonging to their son.  On October 9, 1998, Jake McCook was suspended from attending any school functions or from entering school property, and, following a hearing on October 19,1998, was expelled from the school.

Plaintiffs attempt to sidestep the standing question by arguing against dismissal under a Fed.R.Civ. P. 12(b)(6) standard.  However, standing is a "threshold, jurisdictional issue."  Keyes v. School Dist. No. 1, 119 F.3d 1437, 1445 (10th Cir.1997).  For a party to have standing, three constitutional elements are required.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992): an "injury in fact," a "causal connection between the injury and the conduct complained of where the injury has to be fairly traceable to the challenged action of the defendant," and the likelihood that the injury will be redressed by a favorable decision.  Id. at 561.  Aside from these constitutional requirements, "prudential" principles of standing require that a plaintiff  generally must assert his own legal rights.  Mount Evans Co. v. Madigan, 14 F.3d 1444, 1450-51 (10th Cir. 1994); Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (citation omitted).

*Count III - Procedural Due Process*

Count III alleges deficiencies in procedural process at the hearing which discussed Jake McCook's proposed expulsion from the school, and which resulted in Jake's expulsion.  Plaintiffs' injuries (being barred from entering school property, having to relocate out-of-town as a result of their son's expulsion) may be consequentially related to Jake's expulsion, but the parents cannot look to the Court for a vindication of their son's procedural due process rights.  See Dohaish v.

Tooley, 670 F.2d 934, 936 (10th Cir. 1982), cert. den. 459 U.S. 826 (1982) (civil rights action is a personal suit and does not accrue to a relative).  In an action under § 1983, "a litigant may only assert his own constitutional rights or immunities."  U.S. v. Raines, 362 U.S. 17, 22 (1960); Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir.1990) (§1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else).

While Plaintiffs may seek damages for mental anguish they experienced as a result of their son's expulsion from school, nevertheless this relief must be based on a claim which they have standing to bring.  Relief on the procedural due process claim hinges on the question of whether the hearing process violated due process rights that belonged to Jake, not to his parents.  Plaintiffs point out that "actions of the Defendants in expelling Jake McCook also constitute a violation of the Plaintiffs' first amendment right to free speech because Plaintiffs allege those actions were taken by the Defendants as a means of retaliating against the Plaintiffs themselves."  Resp. at 3. However, when framed as such, Defendants' conduct in expelling Jake from school forms the basis for an alleged violation of the *parent's* own constitutional rights under the first amendment. The same underlying conduct simply gives rise to different claims -- in this instance, Count I.

*Count IV - Equal Protection*

On the other hand, in Count IV, Plaintiffs have included an assertion of their own rights under equal protection.  Defendants' actions in expelling Jake and barring him from participating in sporting events on Springer property, and in banning Plaintiffs and Jake from entering school property, are cited as "vindicative [sic] actions motivated by an illegitimate animus toward the Plaintiffs."  Sec.Amended Compl., ¶ 54.  Although Plaintiffs would have no standing to assert violations of Jake's rights under the equal protection clause, Count IV does not purport to do so.

3

Accordingly, Count III of the Second Amended Complaint for Deprivation of Procedural Due Process is dismissed based on Plaintiffs' lack of standing to bring this claim.  The claims remaining in this action thus far are Count I (§ 1983 claim of First Amendment Retaliation); Count II (§ 1983 claim of Deprivation of Plaintiffs' Right of Assembly and Right of Association under the First Amendment); and Count IV (§ 1983 claim of Equal Protection under the fourteenth amendment).

**WHEREFORE,**

**IT IS ORDERED** that Springer School Defendants' Motion to Dismiss For Lack of Standing on Plaintiffs' Claims Involving the Alleged Violation of Their Son Jake's Constitutional Rights **[docket # 66]** is GRANTED IN PART and DENIED IN PART, in that Count III of the Second Amended Complaint for Deprivation of Procedural Due Process is dismissed based on Plaintiffs' lack of standing.

_____
UNITED STATES MAGISTRATE JUDGE