IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENDALL McCOOK and VIRGINIA
McCOOK,

      Plaintiffs,

vs.                                                           Civ. No. 99-1362 WWD/DJS ACE

SPRINGER SCHOOL DISTRICT, SPRINGER
BOARD OF EDUCATION, FREDDIE CARDENAS,
DAVID GUTIERREZ, CARLOS CRAIG, RAY
McFALL and ANDRES EBELL, in their individual
and official capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Springer Municipal School District and Board of Education's Motion to Dismiss Plaintiffs' Claims, filed November 1, 2000 **[docket # 70]**. Defendants (or "Entity Defendants") seek dismissal of Plaintiffs' claims of municipal liability on the basis that the complaint insufficiently alleges that the entity's policies or customs have caused any of Plaintiffs' alleged constitutional violations.[1] Defendants do not contend that the allegations themselves are factually insufficient or conclusory. Rather, they contend that the complaint inadequately alleges claims of municipal liability because it fails to allege that any governmental policy caused the harm, or that any of the individual Defendants were officials with final policymaking authority who established an unconstitutional policy.

The question here is whether the factual allegations in the complaint sufficiently set forth

---

[1] The Entity Defendants acknowledge that they are "quasi-municipal" agencies subject to municipal liability under 42 U.S.C. § 1983. Mot. at 2.

claims of municipal liability so as to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6), accepting the well-pleaded facts of the complaint as true and construing them in the light most favorable to the Plaintiffs.  See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995).  Although Plaintiffs' complaint lacks completeness and precision in delineating municipal liability claims against the Entity Defendants, I nevertheless find that it does contain the bare minimum requirements, and that failure to satisfy the technicalities cited by Defendants does not defeat the viability of those claims at this point in the litigation.

    A plaintiff suing a municipality under § 1983 for the acts of one of its employees must prove that a municipal employee committed a constitutional violation, and that a municipal policy or custom was the moving force behind the constitutional deprivation.  See Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978), cited in Myers v. Okla County Bd. of County Commissioners et al., (10th Cir., Aug 20, 1998).  Proof of constitutional injury inflicted "pursuant to government policy or custom" may be satisfied by proving that the allegedly unconstitutional actions were acts that were officially sanctioned or ordered by the governmental entity's final policy-making authority.  Pembauer v. City of Cincinnati, 475 U.S. 469, 480-81 (1986) (plurality opinion); Randle v. City of Aurora, 69 F.3d 441, 446-50 (10th Cir.1995).

    Municipal policy is not established unless the action taken is official in character. Pembauer v. City of Cincinnati, 475 U.S. 469, 480-81(1986).  In this case, Plaintiffs are suing all the individual Defendants in both their official and individual capacities for taking certain official actions against Plaintiffs which they allege is retaliatory and discriminatory.  The claims against the Entity Defendants are based on the same specific factual allegations against the individuals (allegations ¶¶ 13-36 in the complaint) and sufficiently state a claim based on the conduct of both

the Board members and Cardenas that a policy or custom caused the Plaintiffs' injury.

The complaint describes actions taken by Cardenas, and characterizes them as retaliatory and pretextual.  See e.g., Compl., ¶ 24.  Plaintiffs allege, *inter alia*, that Cardenas took retaliatory disciplinary action against Plaintiffs by suspending and expelling their son and by barring Plaintiffs from entering school property.  Plaintiffs do not identify either Cardenas or the school board as the final policymaking authority, but this omission is not fatal.  The complaint refers to the Board as a governmental entity created pursuant to N.M.S.A. 1978 § 22-5-1 et seq. and further states that it is charged with, "among other things, the power to employ a Superintendent, delegate administrative and supervisory functions to a Superintendent, and approve the employment of all school employees upon the recommendation of the Superintendent."  Compl., ¶ 6.  Thus, contrary to Defendants' contentions, even if the complaint should be amended in order to specifically identify the Board or Cardenas as final policymakers, further discovery concerning the identity of the final policymaker would not be required, as the answer lies in the language of the statute.[2]

Similarly, the complaint alleges conduct on the part of the Board members that sufficiently forms the basis of a municipal liability claim, from any delegation of authority to Cardenas as well as actions taken by Board members as final decision makers.  Board members held the expulsion hearing; a Board member allegedly refused to permit Kendall McCook to address the Board at a public meeting; and Board members barred Plaintiffs from entering school property and from voting in Board elections.   The allegations in the complaint also provide a basis for the inference that Board members knew and acquiesced in actions taken by Cardenas which are characterized by

---

[2] N.M.S.A. 1978, § 22-5-4(B) & (C) contain the relevant provisions.

Plaintiffs as retaliatory. For example, the complaint states that the same attorney who represented the school board acted as hearing officer addressing Jake McCook's expulsion. Compl, ¶ 30. Cmp., e.g., Ware v. Unified School Distr. No. 492, 902 F.2d 815, 819 (10th Cir. 1990) (summary judgment denied where record contained evidence indicating Board members knew about plaintiff's public stand on bond issue and thus may have acted with deliberate indifference to plaintiff's first amendment rights).

Therefore, while I might find Plaintiffs' complaint wanting in terms of technical correctness, I am not persuaded that the absence of certain "magic language," as advocated by Defendants, warrants the wholesale forfeiture of the municipal liability claims. The allegations which describe the various Defendants' actions provide adequate notice to Defendants of the basis for their liability. See City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989) (a decision to adopt a particular course of action represents an act of official government "policy" as the term is commonly understood). Accordingly, I find that the complaint adequately sets forth municipality liability claims against the Entity Defendants, precluding dismissal of these claims under Fed.R.Civ.P. 12(b)(6).

**WHEREFORE**,

**IT IS ORDERED** that Springer Municipal School District and the Board of Education's Motion to Dismiss Plaintiffs' Claims **[docket # 70]** is hereby **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE